**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **VERONICA KIMBROUGH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 25-00399-KD-N** |
| | ) | |
| **PILOT CATASTROPHE SERVICES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# ORDER

This action is before the Court on Plaintiff Veronica Kimbrough's Motion for Leave to File an Amended Complaint (Doc. 26). Defendant Pilot Catastrophe Services, Inc. ("Pilot") has filed a response opposing the motion (Doc. 28). The day after her deadline to reply, Kimbrough filed a reply supporting the motion (Doc. 32).[1] Upon consideration, for the reasons stated below, the Court will **DENY** the Motion for Leave to File an Amended Complaint.

Ordinarily, a plaintiff may amend her complaint by leave of the court, which "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). But, if a Rule 16 scheduling order has set a deadline for amendment and that deadline has passed, amendment is possible only if the Court finds "good cause" to allow an untimely motion to amend. Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension"; "[i]f a party was not diligent, the good cause inquiry

[1] At the time that she moved for leave to file an amended complaint, Kimbrough was proceeding pro se. (See Doc. 26). By the time that she filed her reply, however, she had obtained counsel. (See Docs. 32, 33). She appears to have waited until after the settlement conference on September 9 to determine whether she needed to obtain counsel. (See Doc. 34-7 at 2). If Kimbrough obtained counsel just before her deadline to reply, they may have understandably needed extra time, and a one-day delay will rarely gum up a proceeding. But it would have benefited the Court if her counsel had moved to extend the deadline or, at least, provided some explanation of their tardy reply.

should end." Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (cleaned up) (first quoting Fed. R. Civ. P. 16 advisory committee's note; and then quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). A plaintiff's diligence is deficient not only when she "has full knowledge of the information with which [she] seeks to amend [her] complaint before the deadline passes," but also when she "fail[s] to seek the information [she] needs to determine whether an amendment is in order." S. Grouts & Mortars, Inc. v. 3M Co., 575 F.3d 1235, 1241 n.3 (11th Cir. 2009). Accordingly, "the fact that [the plaintiff] misunderstood the scope of legal protection available . . . does not constitute good cause." Oravec v. Sunny Isles Luxury Ventures, L.C., 527 F.3d 1218, 1232 (11th Cir. 2008). That principle applies especially forcefully when the plaintiff "was aware of the defendant['s] challenge to [her initial] claim," yet "waited an additional three months . . . to seek leave to amend." Id.

Here, the parties participated in a scheduling conference on April 22, 2026. (See Doc. 19). Afterward, on April 24, the Court entered the Rule 16 scheduling order, which stated that "[a]ny motion to amend the pleadings . . . must be filed and served no later than **APRIL 24, 2026**."[2] (Doc. 20 at 4 (emphasis in original)). Five months later, and only nine days before the end of the discovery period on September 25, Kimbrough filed the instant motion to amend her complaint. (See Doc. 26). She "seeks to add claims under 42 U.S.C. § 1981," claiming that she "first learned of the distinct legal significance of 42 U.S.C. § 1981"—specifically, that Section 1981 claims "do not require exhaustion through the EEOC"—after she "obtained and reviewed the EEOC/FOIA materials concerning" her EEOC charge of discrimination. (Id. at 1). She filed that charge on

[2] It is unusual for the deadline to amend pleadings to be set on the same day that a scheduling order is entered. Here, however, the Magistrate Judge accepted the deadline that the parties themselves requested after their Rule 26(f) planning meeting on March 11, 2026, (see Doc. 16 at 7), and emphasized that the deadline "***will be strictly enforced***," (Doc. 20 at 4 (emphasis in original)).

June 11, 2025, and received a right-to-sue letter based on it on July 14, (Doc. 1 at 3); and, on February 20, 2026, Pilot filed its answer "den[ying] that [Kimbrough] filed a timely charge of discrimination" "based on the [EEOC] file obtained through a request under the [FOIA]," (Doc. 12 at 3). Kimbrough acknowledges that Pilot "raise[d] timeliness, exhaustion, and statutory-prerequisite defenses to [her] Title VII claims" in its answer; nevertheless, she explains that she only "understood the legal issue" after "reviewing the effect of the 180-day administrative filing period" on September 14. (Doc. 26 at 1–2).[3]

"[T]he fact that [Kimbrough] misunderstood the scope of legal protection available . . . does not constitute good cause." See Oravec, 527 F.3d at 1232. In Oravec, the plaintiff "argue[d] that he lacked notice of the jurisdictional concern regarding his [claims] until the district court indicated . . . that those claims could not be maintained," in spite of the fact that the defendants had raised the jurisdictional challenge three months earlier. Id. Consequently, the Eleventh Circuit held that the plaintiff "did not show the requisite level of diligence in pursuing his claims." Id. Likewise, here, Pilot brought the Title VII administrative-remedies issue to Kimbrough's attention more than two months before the deadline to amend, giving her ample time to investigate the issue and amend her complaint accordingly; yet Kimbrough maintains that she did not understand that issue until the day that she moved to amend, five months after the deadline and seven months after

[3] Kimbrough urges the Court to "consider her discovery efforts and prompt response to newly reviewed factual information in evaluating good cause." (Id. at 4). Specifically, she reviewed "comparator evaluations whose specific ratings, restrictions, and recommendations [Kimbrough] had not previously known in that detail." (Id. at 3). But comparators are equally relevant to claims under both Title VII and Section 1981. See Lewis v. City of Union City, 918 F.3d 1213, 1217 (11th Cir. 2019). Accordingly, Kimbrough's new facts support her proposed additional claims to precisely the same extent that they support her existing claims. Indeed, she "acknowledges that the later records were not necessarily indispensable to identifying § 1981 as a possible remedy." (Doc. 32 at 4). Consequently, Kimbrough's later review of comparator evaluations cannot excuse her earlier failure to diligently explore the avenues for relief that may have been available to her based on facts that she knew months before the deadline to amend her complaint.

Pilot first alerted her to the issue. Kimbrough thus "fail[ed] to seek the information [she] need[ed] to determine whether an amendment [wa]s in order" within the time that the scheduling order permitted for that purpose, and her failure evinces a "lack of diligence that precludes a finding of good cause." See S. Grouts & Mortars, Inc., 575 F.3d at 1241 n.3.[4]

**CONCLUSION**

Accordingly, the Motion for Leave to File an Amended Complaint (Doc. 26) is **DENIED**.

**DONE** and **ORDERED** this the **14th** day of **October 2026**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

[4] Indeed, as Pilot points out, a mere "Google search for 'legal grounds for race discrimination' [would have] produce[d] references to both Title VII and Section 1981." (Doc. 28 at 7 n.1). This issue was not buried in obscure case law locked behind a paywall, out of a pro se plaintiff's reach. Instead, this is the quintessential lack-of-diligence situation in which a "proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." Wolk v. Kodak Imaging Network, Inc., 840 F. Supp. 2d 724, 735 (S.D.N.Y. 2012) (cleaned up), aff'd sub nom. Wolk v. Photobucket.com, Inc., 569 F. App'x 51 (2d Cir. 2014).